**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE** DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br>HIRAM RAMOS CORDERO<br>IVELISSE RIVERA ALVAREZ<br><br>xxx-xx-3688<br>xxx-xx-7116 | Case No.:<br><br>Chapter 13<br><br>☐ Check if this is a pre-confirmation amended plan<br><br>☐ Check if this is a post confirmation amended plan<br>Proposed by:<br>☑ Debtor(s)<br>☐ Trustee<br>☐ Unsecured creditor(s) |
| **Puerto Rico Local Form G**<br><br>**Chapter 13 Plan dated** June 28, 2022 . | If this is an amended plan, list below the sections of the plan that have been changed. |

## PART 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## PART 2: Plan Payments and Length of Plan

2.1  Debtor(s) will make payments to the trustee as follows:

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| $1,700.00 | Months 1 through 60 | $102,000.00 | |

| Debtor | HIRAM RAMOS CORDERO IVELISSE RIVERA ALVAREZ | Case number | |
|---|---|---|---|

| Subtotals | 60 Months | $102,000.00 | |
|---|---|---|---|

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply*
- ☐ Debtor(s) will make payments pursuant to a payroll deduction order.
- ☑ Debtor(s) will make payments directly to the trustee.
- ☑ Other (specify method of payment): TFS and/or directly by Debtor when and if needed.

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
- ☑ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## PART3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*
- ☐ **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- ☑ The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of Creditor | Collateral | Current installment payments (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| FIRST BANK PUERTO RICO | 2022 NISSAN ALTIMA | $670.00 Disbursed by: ☐ Trustee ☑ Debtor(s) | $1.00 | _____ Months | Starting on Plan Month _____ | $1.00 |
| FREEDOMROAD FINANCIAL | 2021 VESPA GTS 300 | $157.75 Disbursed by: ☐ Trustee ☑ Debtor(s) | $1.00 | _____ Months | Starting on Plan Month _____ | $1.00 |
| ORIENTAL BANK | VILLA FONTANA | $526.00 Disbursed by: ☐ Trustee ☑ Debtor(s) | $1.00 | _____ Months | Starting on Plan Month _____ | $1.00 |

| Debtor | HIRAM RAMOS CORDERO IVELISSE RIVERA ALVAREZ | Case number | |
|---|---|---|---|

*Insert additional claims as needed.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:

(1) Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or

(2) Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the Debtor(s). If the Trustee is to disburse and no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| POPULAR AUTO, LLC | 2020 HONDA RIDGELINE | $47,835.00 | | $1,494.84 | $47,835.00 |
| | | Months Starting on Plan Month | | Disbursed by: ☑ Trustee ☐ Debtor(s) | |

*Insert additional claims as needed.*

3.4 **Lien Avoidance**.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| **Name of creditor** | **Collateral** |
|---|---|
| JETSTREAM FEDERAL CREDIT UNION | SHARES AND DEPOSITS |

*Insert additional claims as needed.*

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**

☑ Payments pursuant to 11 USC §1326(a)(1)(C):

| *Name of secured creditor* | *$ Amount of APMP* | *Comments* |
|---|---|---|

| Debtor | HIRAM RAMOS CORDERO IVELISSE RIVERA ALVAREZ | Case number | |
|---|---|---|---|

| *Name of secured creditor* | *$ Amount of APMP* | *Comments* |
|---|---|---|
| POPULAR AUTO, LLC | 450.00 | |

*Insert additional claims as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

## PART 4: Treatment of Fees and Priority Claims

4.1 **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**
Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

Check one.

☐ **Flat Fee:** Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

**OR**

☑ **Fee Application:** The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $ 2,000.00 |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ 2,000.00 |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ |

4.4 **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☑ The Trustee shall pay in full all allowed claims entitled to priority under §507, §1322(a)(2), estimated in $13,547.33

| **Name of priority creditor** | **Estimate amount of claim to be paid** |
|---|---|
| DEPARTAMENTO DE HACIENDA | $13,547.33 |

*Insert additional claims as needed.*

4.5 **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

4.6 **Post confirmation property insurance coverage**
*Check one.*

| Debtor | HIRAM RAMOS CORDERO | Case number | |
| | IVELISSE RIVERA ALVAREZ | | |

☑ **None**. *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

## PART 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

☑ The sum of $ 25,215.60 .
☑ 100.00 % of the total amount of these claims, an estimated payment of $ 25,202.26 .
☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.
☐ If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3** **Other separately classified nonpriority unsecured claims.**
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments to trustee |
|---|---|---|---|---|---|
| SUNRUN PR OPERATIONS LLC | RENT OF SOLAR ENERGY GENERATION SYSTEM | $253.00 | $1.00 | | $1.00 |

Disbursed by:
☐ Trustee
☑ Debtor(s)

*Insert additional contracts or leases as needed.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1** **Property of the estate will vest in the Debtor(s) upon**
*Check the appliable box:*
☐ Plan confirmation.
☑ Entry of discharge.

| Debtor | HIRAM RAMOS CORDERO<br>IVELISSE RIVERA ALVAREZ | Case number | |
|---|---|---|---|

☐ Other: _____

**7.2** **Plan distribution by the trustee will be in the following order:**
(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – Arrearage payments
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

# PART 8: Nonstandard Plan Provisions

**8.1** **Check "None" or list the nonstandard plan provisions**
☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**8.000 NONSTANDARD PROVISIONS (06/28/2022)**

**8.001 HEADING AND TITLES:**
The headings contained in this plan are inserted for convenience of reference only and shall not affect the meaning or interpretation of this Plan or any provision hereof.

**8.003 RETENTION OF LIENS AND MODIFICATION OF LBF G, PART 3**
The lien holder of any allowed secured claim, provided for by the plan will retain its existing lien until and according to the terms and conditions of 11 U.S.C. §1325(a)(5)(B)(i)(I) & (II), unless otherwise provided on this plan. Upon compliance with the terms of 11 U.S.C. §1325(a)(5)(B)(i)(I) & (II) the lien will be extinguished.

**8.004 UTILITY SERVICES (§366) AND MODIFICATION OF LBF G, SECTION 5.3 AND 6.1**
Confirmation of this plan shall constitute a finding that any such §366 utilities service has agreed that the existing security deposit in the Debtor's account constitutes and provides adequate assurance under 11 U.S.C. §366(b). If the Debtor defaults, after filing of the petition, on any payment to a utility service entitled to adequate assurance under 11 U.S.C. §366, then that post-petition accumulated debt shall, upon application of said utility creditor, become a post petition allowed debt pursuant to 11 U.S.C. §1305, and shall be paid as a separately classified nonpriority unsecured claimant, under plan section 5.3 with distributions to be made before any additional distributions to non priority general unsecured creditors not separately classified. This treatment shall be deemed adequate assurance of the utility's future payments. A utility service creditor shall not terminate, suspend, refuse to provide, alter, condition and/or discontinue services, and/or discriminate against the Debtor(s) and/or initiate administrative procedures against the Debtor(s), without first obtaining relief from the automatic stay. Nothing in this plan is intended to reject 11 U.S.C. §366 utilities service, not limited to gas, water, and electric services.

**8.005 PLAN INCORPORATES ORDERS, JUDGMENTS AND STIPULATIONS**
This plan incorporates by reference, as if fully repeated herein, all orders, judgments, rulings, court's determinations, agreements and stipulations, in this bankruptcy case and/or associated adversary proceedings.

| Debtor | HIRAM RAMOS CORDERO | Case number | |
|---|---|---|---|
| | IVELISSE RIVERA ALVAREZ | | |

**8.006 PROJECTED TAX REFUNDS AND MODIFICATION OF LBF G, PART 2, SECTION 2.3**
Post-Petition-Non-Exempt income-tax refunds that the Debtor(s) actually receive(s) during the term of this Chapter 13 Plan (the "Plan"), in excess of $900.00 will be used to fund this Plan to the extent and only if they are "Projected Disposable Income" as such term is defined in Section 1325(b)(1) and/or applicable case law. Debtor(s) may retain up to the amount of $900.00 of tax refund for personal use and any amount necessary to pay post-petition social security taxes owed not included in the plan. In order to retain any amount for personal use in excess of $900.00 Debtor(s) must request authorization from the Bankruptcy Court in order to determine if the amount requested is necessary for the maintenance and support of the Debtor(s) and/or the family.

**8.007 SALE OR REFINANCING OF PROPERTY**
Notwithstanding whatever provided in preceding Section 7.1 of this plan, if the plan is funded by the proceeds of a sale or refinancing of property of the estate, the property of the estate shall not vest on Debtor(s)and the Court shall retain jurisdiction over such property and any related transactions until its completion.

**8.008 EXCLUDED PROPERTIES AND MODIFICATION OF LBF G, PART 3, SECTION 3.5**
For properties for which the stay is modified and/or lifted by motion, order and/or under this plan's section 3.5, hereinafter referred as "excluded property", if a private or judicial sale of the "excluded property" occurs and proceeds are left after payment of all liens and all costs of the judicial sale, the proceeds from the sale that are not exempt will be paid into the plan and the plan's base will be deemed amended automatically without further hearing.

**8.009 POST CONFIRMATION OBJECTION TO PROOFS OF CLAIMS**
Confirmation of this plan does not bar a party in interest from objecting to a proof of claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.

**8.010 SECURED AND/OR PRIORITY CREDITORS FILING AS UNSECURED, MODIFICATION OF LBF G, PART 3**
If a claim is listed and provided for as, secured in any of the sections of Part 3 of this plan, or as priority unsecured in section 4.4 of this plan and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured under plan section 5.1 of this plan for purposes of distribution and for any other purpose under the plan. Upon confirmation or approval of this plan or amended plan, a creditor's lien over property of the estate will be void and forever extinguished when such creditor(s) files an unsecured proof of claim or an amended proof of claim.

**8.011 PROPERTY OF THE ESTATE**
Property of the estate in a Chapter 13 includes all of the property specified in 11 U.S.C. §541 and all property of the kind specified in such section acquired by the Debtor(s)after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code.

**8.012 CONSENT TO A PROHIBITION FOR RELIEF FROM THE STAY**
A creditor that it is provided for under the terms of this plan and fails to file a timely allowed proof of claim within the time period required by Federal Bankruptcy Rule 3002(c), will have consented to a prohibition to request relief from the automatic stay (11 U.S.C. §362) and/or the co-debtor(s) stay (11 U.S.C. §1301). For purposes of this plan provision (section 8.012), a proof of claim filed by the debtor(s) and/or the attorney for the debtor(s), and/or a proof of claim filed by the creditor after the non-governmental bar date amending and/or substituting a proof of claim filed by the debtor(s) or the attorney for the debtor(s), does not constitute a timely allowed proof of claim within the time period required by Federal Bankruptcy Rule 3002(c), and accordingly will have consented to a prohibition to request relief from the automatic stay (11 U.S.C. §362) and/or the co-debtor(s) stay (11 U.S.C. §1301).

**8.013 ARBITRATION AGREEMENTS AND ALIKE**
This plan specifically rejects, avoids, cancels and otherwise releases the Debtor(s)from any and all contractual provisions, with any party or entity, which could or may impose on the Debtor(s)any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the Debtor(s)or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution. Consequently, confirmation of this plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the Debtor(s)or the Chapter 13 Trustee. All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case. All contractual provisions regarding arbitration or alternative dispute resolution in a contract underlying any claim provided for by this plan shall be unenforceable.

**8.014 RESERVATION OF RIGHTS**
Confirmation of this plan shall constitute a finding that the Debtor(s) do not waive, release or discharge but rather retain and reserve, for themselves, the estate and/or the Chapter 13 Trustee, any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement

| Debtor | HIRAM RAMOS CORDERO | Case number | |
|---|---|---|---|
| | IVELISSE RIVERA ALVAREZ | | |

Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court. Nothing in this section shall be interpreted as a claim of exemptions or an amendment to the claimed exemptions. Nothing in this provision should be construed as a claim of exemption outside those claimed in Schedule "C". Unless otherwise specified in this plan, nothing in this plan is intended to abrogate the Chapter 13 Trustee's and/or Debtor's state law contract rights, or to waive any claims and/or defenses, including but not limited to the defense and/or prosecution of cases in any forum.

### 8.015 ORDER LIFTING THE STAY AND MODIFICATION OF LBF G, PART 3
For properties for which the stay is modified and/or lifted by motion, order and/or agreement, hereinafter referred as "stay excluded property", will be deemed treated pursuant to Part 3, Section 3.5 as surrendered collateral. Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within the term allowed by law. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

### 8.016 RETURN OF TITLE ON PERSONAL PROPERTY AND MODIFICATION OF LBF G, PART 3
Upon the satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property of this estate in bankruptcy, for which the certificate of title is in the possession of the secured party, the secured party shall within ten (10) days after demand and, in any event, within thirty (30) days of receipt of the notice of the entry of the Discharge Order, execute a release of its security interest on said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles and/or the Department of Public Transportation prescribes, and mail or deliver the certificate and release to the Debtor(s)or the attorney for the Debtor. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the Debtor(s)in this case either before or after the entry of the discharge order and either before or after the closing of this case. The Debtor(s)specifically reserves the right to file a motion to reopen this case under 11 U.S.C. §350 to pursue the rights and claims provided for herein.

### 8.017 CREDITORS UNDER 11 U.S.C.§1325(A)(9)(*) AND MODIFICATION OF LBF G, PART 3, SECTION 3.5
11 U.S.C.§1325(a)(9)(*) provides that for purposes of paragraph (5) of §1325(a), §506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in 49 U.S.C. §30102) acquired for the personal use of the Debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing. Since 506(a)(1) provides for the allowance of unsecured claims for under-secured creditors, and since such section does not apply to these claims, then to the extent that this plan provides for the abandonment of any 910-day or 1-year collateral to the holder of the secured claim then and in that event such action shall be deemed in full satisfaction of the underlying debt and such creditor shall not be allowed and in fact precluded from filing an unsecured deficiency claim after the recovery and disposition of the collateral.

### 8.018 TRANSFER OF RIGHTS, PROOF OF CLAIMS AND/OR CREDITS
If a claim has been transferred by the holder thereof, after the holder has filed a proof of claim, then the failure of the transferee to file evidence of the terms of the transfer with the Clerk of the Bankruptcy Court, shall not serve to remove the transferor as a creditor in this case. In such situations all actions taken by the transferee subsequent to the transfer shall be deemed acts of the transferor to the same extent as if the transferee was a duly appointed agent of the transferor acting fully within the course and scope of his, her or its agency.

### 8.019 RESERVATION OF RIGHTS TO OBJECT PROOFS OF CLAIMS
The Debtor(s) reserves the right to object to any proof of claim that is not filed in strict compliance with Bankruptcy Rules and furthermore reserves any and all claims, causes of action, offsets, or defenses the Debtor(s)may have with respect to any such claim. Furthermore, to the extent a filed proof of claim is inconsistent with this Plan or with any of the Schedules or Statements filed in this case, then and in that event the plan reserves the right, for the Debtor(s) and the Chapter 13 Trustee, to object and to pursue any and all legal claims related to or arising out of the transactions or occurrences giving rise to and otherwise related with the said claim or claims. To the extent the Debtor(s)raises an objection to a filed proof of claim, or to a notice of transfer of a filed claims, or files any adversary proceeding related to such an original claim or a transferred claim, then and in that event this plan shall be deemed to be automatically amended so as to indicate that such a claim is disputed, contingent and unliquidated. Notwithstanding, if an objection is filed on any proof of claim filed, the Chapter 13 Trustee will reserve the funds that were to be distributed on account of the objected proof of claim, until the objection is withdrawn or adjudicated by Court order. The Debtor(s) also reserves for the estate, except for those amounts Debtor claims exempt, which are hereby reserved for the Debtor(s), all claims or causes of action he/she may have, could have or might have based on any claim filed in this case by any creditor, assignee or transferee and nothing in this Plan or in these Schedules shall be deemed a waiver of any such claims or causes of action or the admission of the existence of the underlaying debt.

Debtor    HIRAM RAMOS CORDERO                                          Case number
               IVELISSE RIVERA ALVAREZ

### 8.020 PROHIBITED ACTS BY CREDITORS
Upon confirmation of this plan, all creditors who are provided for under the plan shall be specifically prohibited from taking any of the following actions pursuant to 362(a): (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtor(s)that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the Debtor(s)that arose before the commencement of the case under this title; (2) the enforcement, against the Debtor(s)or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the Debtor(s)any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the Debtor(s)that arose before the commencement of the case under this title; (7) the setoff of any debt owing to the Debtor(s)that arose before the commencement of the case under this title against any claim against the Debtor; and (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate Debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a Debtor(s)who is an individual for a taxable period ending before the date of the order for relief under this title.

### 8.021 REJECTION OF IPSO FACTO CLAUSES AND OTHERS
The plan filed by the Debtor(s)herein specifically rejects, avoids, cancels and otherwise releases the Debtor(s)from any and all contractual provisions, with any party or entity, which permits any such creditor to declare the Debtor(s)in default under any such agreement for filing a bankruptcy/insolvency action (Ipso Facto Clauses). Consequently, confirmation of this plan shall constitute a finding that any such Ipso Facto Clauses, no matter how or where arising, are invalid, void and otherwise unenforceable as to the Debtor(s)in this chapter 13 case or in any subsequent conversion of this case to a chapter 7 proceeding. Nor shall such Ipso Facto Clauses be binding on any trustee, whether appointed in this chapter 13 case or who may be subsequently appointed upon conversion of this case to a chapter 7 proceeding. The Debtor(s)hereby specifically rejects all existing contracts for credit that are not specifically accepted or reaffirmed, including and particularly any clause of any contract that includes binding arbitration. That upon discharge all contracts not specifically accepted or reaffirmed, will be considered rejected and void, and will not be applicable to any cause of action, and specifically any clause requiring binding arbitration is hereby rejected in any matter arising pursuant to Title II, or a core action thereof.

### 8.022 CAUSES OF ACTION
The Court will retain jurisdiction over all existing causes of action.

### 8.023 NO NOVATION OF CONTRACTUAL DEBTOR
Unless specifically otherwise provided in this plan, the Order confirming this plan, shall not be construed to constitute a novation of the contractual debtor or change of the contractual debtor, regarding contractual obligation between the contractual debtor and the creditor/party in interest, holding a lien over property of the estate.

### 8.024 SURRENDER, SATISFACTION OF LIENS AND MODIFICATION LBF G, PART 3, SECTION 3.5
Upon confirmation of this plan, Debtor(s) surrenders and the stay is lifted as to the collateral(s) provided in section 3.5, to allow the lien holder(s) to proceed with *in rem* remedies against the collateral, in full payment of the lien and extinguishing it. Any allowed claim by a creditor(a) provided for in section 3.5 shall receive no distribution under the plan, as to its secured portion as it will be fully satisfied by the surrender of the collateral. All payments and deductions regarding the obligation secured by the collateral shall immediately cease and shall be stopped by any entity making them or withdrawing them. Any unsecured portion of the claim as filed, or later filed amending the same to reflect a deficiency balance after surrender, shall be paid as an unsecured claim pursuant to plan section 5.1 of this plan, within the terms and conditions of this plan. This provision does not allow for the lien holder to create, perfect and/or present a lien.

### 8.025 CO-DEBTOR STAY, CODEBTOR DEBTS AND MODIFICATION LBF G, PART 5, SECTION 5.3
All payments to co-debtor claims shall be applied to principal first until paid in full. Unless otherwise specifically specified in this plan, nothing in this plan is intended to lift any applicable co-debtor's stay under 11 U.S.C. §1301, or to abrogate co-debtor's state law contract rights, or to waive any co-debtor's claims and/or defenses.

### 8.027 STUDENT LOAN CLAIMS
The Debtor will pay the **US DEPARTMENT OF EDUCATION** directly, and will not share in the pro rata distribution from the Chapter 13 Trustee. The Debtor is not seeking nor does this Plan provide for any discharge, in whole or in part, of her student loan obligations. The Debtor shall be allowed to seek enrollment, or to maintain any pre-petition enrollment, in any applicable income-driven repayment ("IDR") plan with the U.S. Department of Education and/or other student loan servicers, guarantors, etc. (collectively referred to hereafter as "Ed"), including but not limited to the Public Service Loan Forgiveness program, without disqualification due to this bankruptcy petition. Any direct payments made by the Debtor to Ed since the filing of her petition shall be applied to any IDR plan in which the Debtor was enrolled prepetition, including but not limited to the Public Service Loan Forgiveness program. Ed shall not be required to allow enrollment in any IDR unless the Debtor otherwise qualifies for such plan. The Debtor may, if necessary and desired,

| Debtor | HIRAM RAMOS CORDERO | Case number | |
|---|---|---|---|
| | IVELISSE RIVERA ALVAREZ | | |

seek a consolidation of the student loans by separate motion and subject to subsequent court order.

**8.030 REVOCATION OF CONSENT WITH RESPECT TO ALL FORMS OF TELEPHONIC COMMUNICATIONS**
All creditors are prohibited from contacting the Debtors by way of their telephones. Such contact includes but is not limited to cell phone calls, text messages, voice mail messages, silent voice mail messages, or any other form of communication by cell phone or otherwise. These provisions apply to all parties in interest or who claim authority by contract, assignment, power of attorney, agency, or otherwise to contact or attempt to contact the Debtors by way of their respective wireless telephones or cell phones or land lines. This provision does not apply to the Chapter 13 Trustee, who may communicate with the Debtor(s).

**8.035 PROHIBITION OF CREDIT REPORTING**
No creditor shall report as delinquent to any credit reporting agency any debt provided for in accordance with this plan.

**8.040 POST CONFIRMATION ATTORNEY'S FEES AND MODIFICATION LBF G, PART 4, SECTION 4.3**
This provision modifies LBFG, Part 4, Section 4.3 The estimated amount of post confirmation attorney's fees provided in section 4.3 of this plan is the amount estimated for plan sufficiency purposes. If no timely application for post confirmation compensation is filed within fourteen (14) days from the date of entry of the order approving this post confirmation modified plan, then the amount estimated in section 4.3 will be the additional attorney's compensation requested, or the maximum amount allowed by Local Bankruptcy Rule 2016-1(f)(3), which ever is less.

**8.050 LIQUIDATION VALUE INTEREST AND MODIFICATION OF LBF G, PART 5, SECTION 5.1**
If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately the amount provided in Part 5, Section 5.1 of this plan, hereinafter "the liquidation value", and in addition Debtor(s) will pay on the liquidation value a present value annual interest of (3.25%) which is more than the legal rate of the Federal Post Judgment Interest Rate (28 U.S.C. 1961(a)) which is calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System. The weekly average 1-year constant maturity Treasury yield can be obtained at
http://fred.stlouisfed.org/series/DGS1

**8.075 INSURANCE COVERAGE FOR LIEN HOLDERS AND MODIFICATION OF LBF G, SECTION 4.6:**
Debtor(s) will maintain insurance as per the terms of the original contract, at all times, for the secured interest of the allowed secured creditor listed and provided for on sections 3.1, 3.2, 3.3 and/or 3.7 of the plan, until the payment in full of the creditor's claim under the terms of the plan.

**8.080 PRE- PETITION PRIORITES AND MODIFICATION OF LBF G, PART 4, SECTIONS 4.4 AND 4.5:**
This provision is applicable and mandatory even if no priority creditors are listed, anticipated and/or provided for in section 4.4 and/or 4.5 of this plan, and/or even when the check box is marked indicating that *"None. If "None" is checked, the rest of §4.5 need not be completed or reproduced.":*
**(a)** The Chapter 13 Trustee shall pay in full, all 11 U.S.C. §507 priority allowed claims, unless creditor agrees otherwise pursuant to 11 U.S.C. §1322(A)(2).
**(b)** Not objecting the confirmation of the plan is expressed acceptance of the treatment provided to priority creditors under the terms of this plan.
**(c)** The Debtor shall pay DIRECTLY all Domestic Support Obligations that become due after the filing of the petition.

**8.090 DIRECT PAYMENTS BY DEBTOR AND MODIFICATION LBF G, SECTIONS 3.1, 5.2, AND 6.1**
The Debtor(s) will maintain and directly pay the current periodical payments on the claims and creditors listed on plan sections 3.1, 5.2, and 6.1, with any changes required by the applicable contract. These payments will be disbursed directly by the Debtor(s). The amount of the periodical payment as listed in sections 3.1, 5.2, and 6.1 is not binding, it is not intended to modify the contractual periodical payment and will be superseded by the periodical contractual amount.

**8.100 REQUIRING CONTINUED MAILING OF MORTGAGE STATEMENTS AND PAYMENT COUPON BOOKS**
All secured creditors, and/or the servicer, with a security interest in property of the estate and/or of the Debtor(s), shall send Debtor(s) monthly mortgage statements. Debtor(s) hereby exercise the right to receive monthly mortgage statements and constitute a written request for the termination of any existing exemption, pursuant to Reg. Z, C.F.R. §1026.41(e)(5)(ii)(Effective April 19, 2018).

**8.102 SATISFACTION OF STATUTORY LIENS AND MODIFICATION LBF G, PART 3, SECTION 3.1**
All secured creditors, which are provided in Section 3.1 of this plan, holding a lien in residential property of the Debtor and/or the estate, and that are also entitled to a statutory lien over other existing and/or future property of the Debtor and/or the estate, upon confirmation of this plan the statutory lien and/or the right to a statutory lien will be fully satisfied and shall immediately cease to exist and will be for ever extinguished.

**8.105 BANKRUPTCY RULE 3002.1(C) REQUESTS AND MODIFICATION OF LBF G, PART 7, SECTION 7.2**
The Chapter 13 Trustee shall pay any and all post-petition amounts requested by creditor that are requested pursuant to Bankruptcy Rule 3002.1, as soon as practicable after confirmation of the plan as a creditor under plan section 3.1. Notwithstanding this provision,

| Debtor | HIRAM RAMOS CORDERO<br>IVELISSE RIVERA ALVAREZ | Case number | |
|---|---|---|---|

and/or the distributions made by the Trustee, the Debtor(s)reserves the right to object, within the term provided by Bankruptcy Rule 3002.1, to any and all post-petition amounts requested by creditor pursuant to said Rule 3002.1. Should Debtor(s)object to such post-petition amounts requested by creditor, and prevails, the Chapter 13 Trustee is under no obligation to recover those objected and distributed amounts from creditor, and creditor shall immediately return the distributed amounts to the Chapter 13 Trustee to be administered in compliance with the bankruptcy code. Nothing in this plan is to be construed as a waiver or modification by the Debtor(s)of the right to object pursuant to Bankruptcy Rule 3002.1.

**8.108 PAYMENT OF MORTGAGE WITH LACK OF MORTGAGE NOTE ENDORSEMENT**
Part 3.1 of the plan proposes that mortgage arrearage provided in said section will be paid by the Chapter 13 Trustee. The Chapter 13 Trustee is directed and authorized to distribute plan proposed payments as per the term of the Chapter 13 Plan, to any and/all creditors provided in section 3.1, even if the mortgage creditor or its servicer files a the corresponding Proof of Claim without evidence of endorsement. Upon confirmation of the plan, Debtor(s), on his/her behalf and on behalf of the estate, hereby hold the Chapter 13 Trustee harmless of, and forever waives any claims for legal or financial liability, against the Chapter 13 Trustee, for payment of arrears included in the above mentioned Proof of Claim to the party filing it, or to its future assignee's properly notified during the period of the plan, notwithstanding that such claim is filed without evidence of endorsement of the mortgage note. Nothing in this provision is intended to release and/or hold harmless any other party other than the Chapter 13 Trustee, his agents and/or his employees. The Debtor(s) reserve(s) the right to pursue any and all claims not specifically released in this section.

**8.110 PAYMENT APPLICATION FOR RESIDENTIAL PROPERTIES AND MODIFICATION OF LBF G, PART 4**
Confirmation of the plan shall impose an affirmative duty and legal obligation on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the residential real property of the Debtor(s) to do all of the following:

a. To apply the payments received from the Chapter 13 Trustee on the pre-petition arrearage, if any, and only to such arrearage. For purposes of this plan, the "pre-petition" arrears shall include all sums included in the "allowed" proof of claim. During the term of the plan, payments from the Chapter 13 Trustee shall be credited against the pre-petition arrearage. The pre-petition arrearage shall have a zero "0" balance upon entry of the Discharge Order in this case.

b. To deem the pre-petition arrearage as contractually cured upon confirmation of the plan, thereby precluding the imposition of late payment charges or other defaulted-related fees and services based solely on the pre-petition default or defaults. Such action shall be taken by making the adjustment to the account in a sufficient amount to "cure" the pre-petition arrears as established by the "allowed" proof of claim. If the case is dismissed and closed with pre-petition arrearage pending, such amounts shall be not deemed contractually cured.

c. To apply the direct post-petition monthly mortgage payments paid by the Chapter 13 Trustee and/or by the Debtor(s)to the month in which they were designated to be made under the plan or directly specified by the Debtor, whether or not such payments are immediately applied to the outstanding loan balance or are placed into some type of suspense, forbearance or similar account. All such post-petition payments must be first applied to the outstanding post-petition interest and then to the principal balance and may not be used for any other purpose without the approval of the Bankruptcy Court after proper notice and a hearing.

d. To notify the Chapter 13 Trustee, the Debtor(s)and the attorney for the Debtor, in writing, of any changes in the interest rate for any non-fixed rate or any adjustable rate mortgages and the effective date of any such adjustment or adjustments in compliance with Federal Rule of Bankruptcy Procedure 3002.1(b). The failure to comply with such notice requirements shall constitute a waiver of any increase in the rate until such notice is provided. In the event the rate should be reset to a rate lower than the rate as of the petition date, then any failure to provide notice as herein provided shall constitute a violation of 524(i) to the extent that the Debtor(s)suffers aggregate damages of more than $50.00.

e. To Notify the Chapter 13 Trustee, the Debtor(s)and attorney for the Debtor, in writing, of any assessment of, charge of, payment of, prepayments of and/or disbursement of, change in the property taxes and/or the property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments, and/or that may affect the amount that Debtor(s)owes and/or will owe, in compliance with Federal Rule of Bankruptcy Procedure 3002.1. The failure to comply with such notice requirements shall constitute a waiver of any right to recover any advance, payment, disbursement, change, assessment, prepayment and/or enhanced escrow payments and to recover any such increases until such notice, in compliance with Federal Rule of Bankruptcy Procedure 3002.1 is provided, on the condition that it is provided within sufficient time to maintain the feasibility of the plan as confirmed.

f. To refrain from directly paying or attempting to pay any pre-petition tax obligation that the Debtor(s)has included in their plan to be paid under their plan unless a motion is filed to modify the plan with adequate notice and hearing or unless a notice of assignment of the tax claim is filed from the taxing authority to the servicer and/or holder of the mortgage loan or loans.

g. To refrain from ever assessing, charging, imposing, advancing or billing any type of fees or charges (such as property insurance premiums, taxes, legal fees, broker price opinion fees, property inspection fees, property preservation fees, proof of claim fees, notice of appearance fees, plan review fees, or any type of legal fees, or any other type of fee or charge) to the mortgage loan of the Debtor(s)either post-petition and pre-confirmation, either post-confirmation and pre-discharge, or post-discharge unless such fees or charges have been approved by the Bankruptcy Court upon filing of a proper application for the approval of such fees and charges under in compliance with Federal Rule of Bankruptcy Procedure 3002.1(c).

| Debtor | HIRAM RAMOS CORDERO | Case number | |
|---|---|---|---|
| | IVELISSE RIVERA ALVAREZ | | |

*Insert additional lines as needed.*

## PART 9: Signature(s)

/s/ JUAN M. SUAREZ-COBO                          Date   June 28, 2022
JUAN M. SUAREZ-COBO 211010
**Signature of Attorney of Debtor(s)**


_____        Date   _____
HIRAM RAMOS CORDERO


_____        Date   _____
IVELISSE RIVERA ALVAREZ

**By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.**